# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JAIRO M.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24 C 12566 |
| v. | ) | |
| | ) | Magistrate Judge |
| FRANK BISIGNANO, | ) | Maria Valdez |
| Commissioner of Social Security, | ) | |
| [2] | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision

of the Commissioner of Social Security denying Plaintiff Jairo M.'s claim for

Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction

of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the

reasons that follow, Plaintiff's request to reverse the Commissioner's decision [Doc.

No. 20] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security
Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last
name.

[2] Frank Bisignano is substituted for her predecessor pursuant to Federal Rule of Civil
Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On August 19, 2021, Plaintiff filed an application for DIB, alleging disability since May 18, 2020. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), after which the ALJ issued an unfavorable decision on July 27, 2023. The Social Security Administration Appeals Council remanded Plaintiff's case, and the ALJ held another hearing on April 9, 2024. Plaintiff personally appeared and testified at the hearing and was represented by counsel. Medical expert ("ME") Joseph Gaeta, psychological expert ("PE") James Brooks, and vocational expert ("VE") Heather Mueller also testified.

On July 29, 2-24, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of May 18, 2020. At step

two, the ALJ concluded that Plaintiff had the following severe impairments:

shoulder joint disorder; cervical degenerative disc disease; and lumbar degenerative

disc disease. The ALJ concluded at step three that his impairments, alone or in

combination, do not meet or medically equal a Listing. Before step four, the ALJ

determined that Plaintiff retained the Residual Functional Capacity ("RFC") to

perform medium work with several additional limitations, including as relevant

here, limitations on lifting overhead and reaching with his upper extremities.

At step four, the ALJ concluded that Plaintiff would be unable to perform any

past relevant work. At step five, based upon the VE's testimony and Plaintiff's age,

education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs

existing in significant numbers in the national economy, leading to a finding that he

is not disabled under the Social Security Act.

## DISCUSSION

### I.    ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if they have an "inability

to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in

death or which has lasted or can be expected to last for a continuous period of not

less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a

Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is

the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe

impairment? (3) Does the impairment meet or medically equal one of a list of

specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.    JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th 469, 472 (7th Cir. 2024); *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of

4

'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *see Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024) ("[S]ubstantial evidence [is] a standard that the Supreme Court has emphasized is light.").

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. At all times, the burden of demonstrating disability remains on the claimant. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to nitpick the ALJ's order. To warrant reversal, [the claimant] must show that the ALJ's determination was not supported by substantial evidence." *Morales*, 103 F.4th at 471 (explaining further that claimants "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record").

ALJs therefore "are subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053.

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). ALJs must "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054; *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Furthermore, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III.   ANALYSIS

Plaintiff argues that the ALJ's decision was in error because the ALJ: (1) failed to discuss Plaintiff's demonstration at the hearing of his upper extremity limitations; and (2) did not properly evaluate Plaintiff's mental impairments.

In advancing his first argument, Plaintiff explains that at the hearing, the ALJ asked him about his left shoulder and asked him how far he could reach with his left arm. In response, Plaintiff demonstrated how far he could reach with his left arm, which the ALJ described as "not reaching." Plaintiff also demonstrated his ability to reach with his right arm, which the ALJ described as "pretty much all th

way out" except for overhead reaching. The ALJ asked the VE about the vocational impact of Plaintiff's demonstrated reaching abilities, which she explained would require an accommodation from an employer and would also affect Plaintiff's ability to maintain pace. However, the ALJ did not discuss any of this in his decision.

Defendant claims that the ALJ did not have to discuss any of this because, according to Defendant, Plaintiff's demonstration was not testimonial evidence and was not part of any medical evaluation, and regardless, an ALJ does not have to discuss every single piece of evidence. Defendant also notes that the ALJ did include reaching restrictions in the RFC. Defendant also claims that because the ME observed Plaintiff's demonstration and still opined that Plaintiff could perform the reaching allowed in the RFC, and the ALJ adopted the ME's opinion, the ALJ did not err. Finally, Defendant says that the ALJ did not need to discuss the VE's opinion about the vocational effect of Plaintiff's reaching limitations because those limitations were not supported by the record.

It is difficult to see how Plaintiff's demonstration was not testimonial evidence. He was explicitly asked to perform the demonstration by the ALJ at the hearing. It is true that an ALJ does not have to discuss every piece of evidence, but an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron*, 19 F.3d at 333. Here, the evidence is relevant because it speaks to Plaintiff's ability to reach. This is bolstered by the fact that the ALJ asked for the demonstration. Surely the ALJ was not soliciting evidence that the ALJ thought was irrelevant.

The fact that the ALJ included reaching restrictions in Plaintiff's RFC provides further reason why Plaintiff's demonstration should have been discussed. Without such discussion, there is no way for this Court to know whether the ALJ considered it in formulating the RFC. And for the same reasons why the ALJ should have discussed Plaintiff's demonstration, he also should have discussed the VE's opinion about the vocational effect of Plaintiff's reaching limitations. Like Plaintiff's demonstration, the ALJ explicitly asked the VE for this opinion and it bears on Plaintiff's RFC.

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's mental impairments are properly evaluated.

## CONCLUSION

For the foregoing reasons, Plaintiff's request to reverse the Commissioner's decision [Doc. No. 20] is granted. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

SO ORDERED.                              ENTERED:

DATE:    September 12, 2025

HON. MARIA VALDEZ
**United States Magistrate Judge**

8